**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | |
| vs. | No. 1:18-cr-3676-JCH |
| **ANTHONY DURAN,** also known as "Dizzy," | |
| Defendant | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon defendant's Motion to Revoke Order of Detention Pending Trial [Doc. 55]. After considering that motion, the UNITED STATES' response [Doc. 56] and hearing the parties' arguments and proffers, the Court finds that defendant's motion should be denied.

I. PROCEDURAL BACKGROUND

On November 7, 2018, a grand jury of this United State District Court returned an Indictment [Doc. 2] charging that ANTHONY DURAN (and his codefendant wife GLORIA DURAN) conspired with others to distribute one kilogram and more of heroin in violation 21 U.S.C. §§ 846 and 841(a)(1). That same day, the Clerk of the Court issued a warrant [Doc. 3] for the arrest of the defendant. Defendant was arrested and brought before the Honorable United States Magistrate Judge Jerry H. Ritter on November 8, 2018. At that time, defendant was remanded to the temporary custody of the United States Marshal and a detention hearing was scheduled for the morning of November 9, 2018. At the detention hearing on November 9, 2018, defendant did not contest his detention nor rebutted the presumption under § 3142(e)(3)(A). Magistrate Judge Ritter therefore ordered defendant's detention pending trial.

On June 11, 2019, defendant filed a Motion for Release from Custody [Doc. 45]. Magistrate Judge Ritter heard that motion on July 2, 2019. At the conclusion of that hearing, Magistrate Judge

Ritter found by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of other persons and the community if defendant was released from custody. Magistrate Judge Ritter accordingly again ordered [Doc. 52] that defendant be detained pending trial.

Defendant filed his Motion to Revoke Order of Detention Pending Trial on July 3, 2019. The UNITED STATES filed its Response to Motion to Revoke Order of Detention Pending Trial on July 15, 2019. The Court held a hearing on defendant's motion on July 23, 2019.

II   LAW GOVERNING PRETRIAL DETENTION

Under the Bail Reform Act of 1984, a defendant may be detained pending trial only if, after a hearing, a judicial officer finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142 (e).

The prosecution bears the burden of proving risk of flight by a preponderance of the evidence and dangerousness to any other person or to the community by clear and convincing evidence. However, the charge in the Indictment that defendant committed an offense under the Controlled Substances Act for which a term of a term of imprisonment of ten years or more is authorized triggers a presumption under the Bail Reform Act that no condition or combination of conditions will reasonably assure the appearance of a defendant and the safety of the community. *See* 18 U.S.C. § 3142(e)(3)(A). While the government bears the burden of persuasion as to both risk of flight and danger to the community, the burden of production shifts to the defendant once the statutory presumption is invoked. *See United States v. Stricklin*, 932 F.2d 1353, 1354 (10th Cir. 1991). If a defendant meets the burden of production, the presumption remains a factor for consideration in determining whether to detain a defendant. *See Stricklin*, 932 F.2d at 1354-55; *United States v. Hare*, 873 F.2d 796, 798-799 (5th Cir.

1989) ("[T]hat presumption is not a mere 'bursting bubble' that totally disappears from the judge's consideration after the defendant comes forward with evidence. . . . Thus the mere production of evidence does not completely rebut the presumption, and in making its ultimate determination, the court may still consider the finding by Congress that drug offenders pose a special risk of flight and dangerousness to society").

Defendant has rebutted the presumption under 18 U.S.C. § 3142(e)(3)(A). That, however, is not the end of the Court's inquiry. The Bail Reform Act identifies several factors that are to be considered in determining whether a defendant should be detained pending trial.

> Factors to be considered.--The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--
>
> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g). Each of these factors will be examined in turn.

III. DISCUSSION

Nature and Circumstances of the Offense: The sole count of the Indictment unequivocally "involves . . . a controlled substance." *See* 18 U.S.C. § 3142(g)(1). The Indictment charges that beginning on a date unknown but not later than February 2014, and continuing to on or about October 2015, defendant conspired with others, known and unknown, to distribute one kilogram and more of heroin.

Weight of the Evidence: This is not a typical drug case. This case is related to the earlier case of United States v. Ivan Romero, et al, Case No. 1:15-cr-4512-MV, in which those defendants were charged with distributing heroin and related crimes. The defendants in this case are alleged to have supplied those drug dealers with bulk heroin. The evidence against these defendants consists principally of text messages among alleged coconspirators and recordings of defendant's calls while incarcerated on other charges. Defendant contends that the evidence is insufficient to convict him, and defendant will have the opportunity to test the government's case at trial. At this juncture, the grand jury's Indictment "conclusively determines the existence of probable cause" to believe that defendant committed the charged offense. *Gerstein v. Pugh,* 420 U.S. 103, 117 n. 19 (1975).

History and Characteristics of Defendant: Defendant has proffered, through his counsel, information regarding his employment, family and ties to the community. The Court additionally has taken judicial notice of the synopsis of defendant's criminal history prepared by the Court's Probation and Pretrial Services Officer. Defendant's criminal record is extensive. Spanning more than two decades, many of defendant's arrests occurred in the 1990s, and relatively few of those arrests resulted in convictions. However, defendant has multiple prior felony convictions for possession or trafficking of controlled substances including a conviction in 2015. According to defendant, that conviction resulted in his incarceration from December 2014 to September 2016, and he did not commit any

additional crimes during the period following his release from prison in September 2016 until his arrest in this case.

      Nature and Seriousness of Danger: The "nature and seriousness of the danger to any person or the community" that would be posed by defendant's release is the final consideration listed in 18 U.S.C. § 3142(g). "[I]t is clear that the harm to society caused by narcotics trafficking is encompassed within Congress' definition of 'danger.'" *United States v. Leon*, 766 F.2d 77, 81 (2nd Cir. 1985) (citing S.Rep. No. 225, 98th Cong., 1st Sess. 15, reprinted in 1984 Code Cong. & Ad. News 3182, 3188–89); *see also United States v. Hare*, 873 F.2d 796, 801 (5th Cir. 1989) ("Congress was specifically concerned about the threat to the safety of the community posed by defendants charged with serious narcotics cases"). "The statutory language, as well as the legislative history, unequivocably [sic] establishes that Congress intended to equate traffic in drugs with a danger to the community." *United States v. Strong*, 775 F.2d 504, 506 (3rd Cir. 1985). Indeed, the legislative history of the Bail Reform Act makes clear that Congress was cognizant of the danger that drug traffickers pose to our communities:

> The concept of defendant dangerousness is described throughout this chapter by the term "safety of any other person or the community." The reference to safety of any other person is intended to cover the situation in which the safety of a particular identifiable individual, perhaps a victim or witness, is of concern, while the language referring to the safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community. The Committee intends that the concern about safety be given a broader construction than merely danger of harm involving physical violence. . . . The Committee also emphasizes that the risk a defendant will continue to engage in drug trafficking constitutes a danger to the "safety of any other person or the community."

S.Rep. at 12–13, 1984 U.S. Code Cong. & Adm. News, 3195. In this case, the danger that defendant will continue to engage in drug trafficking is underscored by his prior convictions for drug trafficking. Defendant's recidivism and the fact that he continued to traffic in controlled substances while on

probation for earlier offenses demonstrates that that no combination of conditions will adequately mitigate the danger that he poses to the community.

IV. CONCLUSION

After considering the nature and circumstances of the charged offense, the weight of the evidence, defendant's history and characteristics, and the nature and seriousness of the danger that this defendant poses to the community, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community.

THEREFORE, for all of the reasons summarized above and discussed during the hearing on July 23, 2019, defendant's Motion to Revoke Order of Detention Pending Trial is DENIED.

IT IS SO ORDERED.

_____
Judith C. Herrera
United States District Judge